[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 15, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-11498

_____

D.C. Docket No. 06-00544-CV-A-E

DAVID DAVIS,

Plaintiff–Appellant,

versus

PHENIX CITY, ALABAMA,
H. H. ROBERTS, City Manager of
Phenix, in his individual and
official capacities,
WALLACE HUNTER, Chief of the
City's Fire Department, in his
individual and official capacities,

Defendants–Appellees,

JEFFREY HARDIN, Mayor
of the City, in his individual
and official capacities, et al.,

Defendants.

_____

Appeal from the United States District Court
for the Middle District of Alabama
_____

**(October 15, 2008)**

Before BARKETT and WILSON, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

David Davis appeals from an adverse final judgment after a jury verdict on his claim that he was unlawfully terminated as a firefighter for Phenix City, Alabama for exercising his First Amendment rights. He also argues that the city's rules and regulations, which require following a specified procedure before speaking to the media or elected officials, constitute a prior restraint in violation of his First Amendment rights.

We find no error in the application of the law to the jury verdict in this case. The jury concluded that Davis violated fire department policies when he contacted the Phenix City mayor without first notifying others within the chain of command, as required by the rules, and that this violation resulted in the disruption or likelihood of disruption within the fire department. Given these findings, the district court correctly applied the test established in Pickering v. Board of

_____

[*] Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

2

Education of Township High School District 205, Will County, 391 U.S. 563 (1968), finding there was no constitutional violation as a result of Davis's termination because the interest of Phenix City in promoting the efficiency of the public services it provides through its fire department outweighed Davis's First Amendment interests in this case.

Essentially, Davis argues that the regulations, on their face, preclude a city employee from speaking with public officials on matters of public importance. However, the regulations at issue do not so constrain a city employee. First, the regulations apply to only work-related issues. More importantly, as the jury found, city employees may speak to public officials without obtaining prior permission, but only after they have given the chain of command notice of their intent to do so. We find no error in the district court's application of the principles announced in United States v. National Treasury Employees Union, 513 U.S. 454 (1995), in concluding that the regulations did not constitute a prior restraint based on the jury's determination that a firefighter who had noticed the chain of command could address elected officials directly without obtaining permission.

We have further reviewed this record and find no merit to Davis's other arguments that 1) the district court abused its discretion in admitting at trial certain evidence of Davis's past conduct within the fire department; 2) the district court

3

erred in failing to remove defense counsel following allegations of misconduct made by the plaintiff; and 3) the district court abused its discretion in granting the defendants' motion to amend their answer to plead the affirmative defense of qualified immunity after the deadline for amendment of pleadings and erred in granting qualified immunity to the two individual defendants prior to trial.

Accordingly, the judgment below is

**AFFIRMED.**